IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| FOUR SEASONS GROUP, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:10-CV-C-04004-NKL |
| THYSSENKRUPP ELEVATOR CORP., | ) |
| Defendant. | ) |

**ORDER**

Plaintiff Four Seasons Group, Inc. ("Four Season"), filed this action in state court in Camden County, Missouri, alleging damages related to an elevator fire. Defendant ThyssenKrupp Elevator Corp. ("ThyssenKrupp") removed the action pursuant to this Court's diversity jurisdiction. Before the Court is Defendant Thyssenkrupp's Motion to Dismiss [Doc. # 13]. For the following reasons, the Court denies the motion.

**I.   Factual Background**

According to Four Season's state-court Petition, Four Seasons owns The Lodge of the Four Seasons in Lake Ozark, Missouri. ThyssenKrupp is in the business of providing inspection, service and repairs on hydraulic passenger elevator equipment. Beginning in 1991, ThyssenKrupp agreed to maintain such equipment at The Lodge of the Four Seasons. The Petition alleges that, on October 8, 2008, Four Seasons' equipment produced an ignition source which ignited flammable materials, allegedly left nearby by ThyssenKrupp. Four Seasons alleges that the resulting fire caused over $217,000 in damage to The Lodge of the

Four Seasons. The Petition states that this damage was caused by ThyssenKrupp's negligence or recklessness in performing its duties. According to Four Seasons, ThyssenKrupp's conduct was outrageous, in that it acted with evil motive or reckless indifference to Four Seasons' and others' rights. Four Seasons' Petition is divided into three counts: negligence, recklessness, and punitive damages.

## II. Discussion

ThyssenKrupp moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. ThyssenKrupp argues that Four Season's claims are barred by the economic loss rule, and that Four Seasons has not adequately pleaded claims giving rise to punitive damages and attorneys' fees.

In considering Rule 12(b)(6) motions, the Court is mindful that Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," which places defendants on "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). *Twombly* affirmed that the pleading standards of Rule 8 apply to motions to dismiss under Rule 12(b)(6). *See id.* ("[a]sking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegality). On a Rule 12(b)(6) motion, the Court accepts as true the factual allegations of a complaint, and construes them in the light most favorable to the plaintiffs. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### A. Economic Loss Rule

ThyssenKrupp argues that Missouri's "economic loss rule" bars Four Seasons' tort claims.[1] That rule "prohibits a cause of action in tort where losses are purely economic." *Rockport Digital Pharmacy, Inc. v. Digital Simplistics, Inc.*, 53 F.3d 195, 198 (8th Cir. 1995). Under Missouri law, "Recovery in tort is limited to cases in which there has been personal injury or property damage either to property other than the property sold, or to the property sold when it is rendered useless by some violent occurrence." *Id.* at 198 (citation and internal punctuation omitted). So, under the economic loss rule, purchasers may not pursue tort claims for damage to the purchased items alone. *Sharp Bros. Contracting Co. v. American Hoist & Derrick Co.*, 703 S.W.2d 901 (Mo. 1986) (en banc) (holding that a purchaser of a crane could not sue the seller for damage to the crane itself). Missouri courts have reasoned that contractual warranty claims provide those purchasers with an adequate remedy. *See Crowder v. Vandendeale*, 564 S.W.2d 879, 884 (Mo. 1978) (en banc) (holding that a homeowner could not sue the homebuilder in tort for poor construction of the home).

However, where damage extends beyond the subject of a contract between the parties, actions in tort may arise. *Id.* at 881 (reaffirming that duties giving rise to tort claims traditionally appear where safety, freedom from physical harm, and property interests – as opposed to "mere deterioration" or quality of a purchased item – are at issue). For example, in *Clayton Center Associates v. W.R. Grace & Co.*, the court refused to apply the economic loss rule where a building owner sued an asbestos manufacturer for contamination of a

---

[1] In this diversity action, the parties agree that Missouri substantive law applies.

3

building in which the manufacturer's asbestos had been installed. 861 S.W.2d 686, 692 (Mo. App. Ct. 1993).

Here, Four Seasons' Petition alleges that ThyssenKrupp's negligence and recklessness damaged more than an item purchased from ThyssenKrupp. Drawing all inferences in favor of Four Seasons, Four Seasons alleges that ThyssenKrupp caused a fire that damaged The Lodge of the Four Seasons. As in *Clayton Center*, the economic loss rule does not apply.

### B. Punitive Damages and Attorney Fees

ThyssenKrupp argues that Four Seasons has not adequately alleged claims for punitive damages or attorney fees. Under Missouri law, punitive damages require a showing that a defendant's conduct was "outrageous" because of the defendant's "evil motive or reckless indifference to the rights of others." *Missouri Approved Jury Instr. (Civil)* 10.01 (2008). Knowledge of a dangerous condition may furnish the element of reckless indifference necessary to support a punitive damages award, where circumstances exhibit indifference to the safety of others. *Hoover's Dairy, Inc. v. Mid-America Dairymen's, Inc.*, 700 S.W.2d 426, 436 (Mo. 1985) (en banc).

Here, Four Seasons alleges that ThyssenKrupp behaved outrageously and with evil motive or reckless indifference to the rights of others. More specifically, Four Seasons states that ThyssenKrupp left flammable materials near the elevators. Drawing all inferences in favor of Four Seasons, this posed a hazard of fire, threatening the property and safety rights of Four Seasons and others. These allegations place ThyssenKrupp on sufficient notice of

4

the allegations against it. At this stage of the litigation, Four Seasons has adequately pleaded a claim for punitive damages.

Four Seasons does not dispute ThyssenKrupp's argument that Four Seasons may not claim attorney fees. Four Seasons has withdrawn any such claims which may have appeared in its Petition.

## III. Conclusion

Accordingly, it is hereby ORDERED that ThyssenKrupp's Motion to Dismiss [Doc. # 13] is DENIED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: April 19, 2010  
Jefferson City, Missouri